Theron Belton, pro se, Midway, TX, for Plaintiff–Appellant.

Amber Lea Adams, Office of the Attorney General for the State of Texas, Austin, TX, for Defendants–Appellees.

Before SMITH, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Theron Belton, Texas prisoner # 845198, appeals from a judgment rendered in favor of the defendants on his civil rights claim. We affirm.

To prevail on a claim that his right of access to the courts has been violated, a prisoner must demonstrate prejudice by showing that his ability to pursue a "non-frivolous," "arguable" legal claim was hin-

dered by the defendants' actions. *See Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (internal quotations omitted); *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Belton has not demonstrated that the claims he would have raised in his petition for discretionary review were arguable or nonfrivolous; he therefore cannot prove a constitutional violation. Because he cannot prove a constitutional violation, judgment was appropriately awarded in favor of the defendants, and it was unnecessary for the district court to reach the exhaustion issue.

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Servando GALARZA–COLLAZO,**
**Defendant–Appellant.**

**No. 03–50450.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

---

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Lucien B. Campbell, Federal Public Defender, Philip J. Lynch, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Servando Galarza–Collazo appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Galarza–Collazo contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Galarza–Collazo maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Galarza–Collazo acknowledges that his argument is foreclosed by *Almendarez–Tor-res*, but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres*. See *Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.